UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY SULLIVAN                        CIVIL ACTION

VERSUS                              NUMBER 13-731-SDD-RLB

STUPP CORPORATION

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 6, 2014.

                                                  RICHARD L. BOURGEOIS, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY SULLIVAN                                           CIVIL ACTION

VERSUS                                               NUMBER 13-731-SDD-RLB

STUPP CORPORATION

## REPORT AND RECOMMENDATIONS

The Complaint in this matter was filed on November 8, 2013 by the pro se plaintiff, Roy Sullivan. The plaintiff's address of record is the address that he provided in his complaint. All court notices were sent to that address.

On November 18, 2013, the court granted the plaintiff's request that he be allowed to proceed in forma pauperis. A scheduling conference was set for March 6, 2014 and a status report was due by February 20, 2014.[1] Plaintiff failed to file a status report as ordered.

On March 4, 2014, the court reset the scheduling conference for May 15, 2014 and set a new date for the status report to be filed by May 1, 2014.[2] As of March 4, 2014, no proof of service of the defendant by the plaintiff had been filed in the record. Plaintiff was therefore ordered to show cause, in writing, on or before April 30, 2014, why his claim against the defendant should not be dismissed for lack of service.

Plaintiff failed to submit any proof of service and failed to make any showing on or before April 30, 2014, in response to the court's order. Plaintiff also failed to file any status report on or before May 1, 2014.

On May 5, 2014, the court cancelled the status conference on May 15, 2014 and ordered the plaintiff to personally appear for a show cause hearing on June 5, 2014 at 9:00 a.m. in

---

[1] R. Doc. 4.
[2] R. Doc. 5.

courtroom 6 before the Magistrate Judge.[3] This notice again informed the plaintiff that he was to show cause why his claim should not be dismissed for failure to prosecute. Notice was sent to plaintiff by regular and certified mail. The certified mail receipt was returned to the clerk's office unsigned.[4] The court is unaware of whether the plaintiff refused service of the letter or is no longer residing at his address of record.

On June 5, 2014, at 9:00 a.m., court was convened and this matter was called. Plaintiff failed to appear in court and show cause as to why his case should not be dismissed as ordered.

Local Rule 41.2 provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 120 days after filing of the complaint." It has now been over 200 days since the filing of the complaint and no service of process has been made. Local Rule 41.2 further provides that "[w]here a cause has been pending six months without proceedings being taken within such period" the court may also dismiss the action for lack of prosecution. It has been over six months since the court granted the plaintiff's IFP motion. Plaintiff has taken no other action in this case and has repeatedly ignored every order issued by the court.

As a practical matter, the case cannot proceed against the defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Plaintiff's failure to prosecute his own claims effectively deprives the defendant of the opportunity to defend itself from the allegations made against it. The plaintiff has repeatedly failed to respond to court orders, and has failed to prosecute this action.

---

[3] R. Doc. 6.
[4] R. Doc. 7.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice pursuant to Local Rule 41.2 for failure to prosecute.

Signed in Baton Rouge, Louisiana, on June 6, 2014.

	_____
	**RICHARD L. BOURGEOIS, JR.**
	**UNITED STATES MAGISTRATE JUDGE**